JOSEPH P. RUSSONIELLO (CNB 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Assistant United States Attorney
Chief, Civil Division

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Facsimile:   (415) 436-6748
Email: joann.swanson@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PHYLLIS J. KING,<br><br>        Plaintiff,<br><br>        v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION,<br><br>        Defendant. | NO. CV 08-1919 BZ<br><br>**SPECIAL APPEARANCE<br>DEFENDANT'S NOTICE OF<br>MOTION AND MOTION TO DISMISS<br>[FED. R. CIV. P. 12(b)]**<br><br>Date: May 28, 2008<br>Time: 10:00 a.m.<br>Courtroom G, 15th Floor |

## I. NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on Wednesday, May 28, 2008 at 10:00 a.m., or as soon thereafter as may be heard, Defendant United States, specially appearing through its attorney of record, will and hereby does move to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). Specifically it purports to name as the Defendant The Federal Bureau of Investigation, an agency of the United States. Under the Federal Tort Claims Act, 28 U.S.C. § 2470, et seq. (FTCA"), the United States is the only proper Defendant and should be substituted for The Federal Bureau of Investigation. See 28 U.S.C. § 2679(a). This motion will be heard in Courtroom No. G, 15th Floor, at 450 Golden Gate Avenue in San Francisco, California.

//

//

Defendant's Motion to Dismiss
*King v. FBI*                -1-

This motion is made on the grounds that this Court lacks subject matter jurisdiction as to Plaintiff's potential claim against the United States because she has not exhausted her administrative remedies. Specifically, Plaintiff has not complied with the requirements of the FTCA in that she has not made an administrative claim. *See* 28 U.S.C. § 2675. Accordingly, this case has been prematurely filed and should be dismissed without prejudice for lack of subject matter jurisdiction.

This motion is based upon this Notice of Motion, the Declaration of Jennifer A. Wilson filed herewith, all the papers and records currently on file in the above-captioned matter, and any additional evidence and argument that this court may permit.

## II.  PROCEDURAL POSTURE

In Plaintiff's complaint, she claims property damage, intentional tort, and premises liability. Plaintiff alleges that her home was repeatedly visited by F.B.I. agents, that garbage was thrown in her back yard, a dead mouse was placed in her home, unlawful entry, and her phone reception was not good. She claims that since December 31, 2006 through December 31, 2007 her place has been like Grand Central Station.

Plaintiff filed this action on December 31, 2007 in San Francisco County Superior Court. Plaintiff seeks damages in the amount of $1,000,000.00. The United States Attorney's Office was notified of the action by the Federal Bureau of Investigation and removed the action on April 11, 2008. Defendant has not been properly served as required by Rules of Civil Procedure Rule 4(i)(1)(A)(i)(ii).

## III.  ANALYSIS

### A.  Legal Standards under Rules 12(b)

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. *See, e.g., Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). A motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. *Id.* at 1039 n.2.

//
//
//

1  A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim. A claim may be dismissed only if 'it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (quoting *Conley v. Gibson*, 353 U.S. 41, 45-46(1957)).

**B.  Plaintiff Has Not Complied with the Requirements of the FTCA**.

The sovereign cannot be sued without its consent. *United States v. Sherwood*, 312 U.S. 584 (1941); *Gould v. U.S. Dept. of Health & Human Services*, 905 F.2d 738, 741 (4th Cir. 1990). Moreover, the terms of that consent define a federal court's jurisdiction to entertain such suit. *United States v. Testan*, 424 U.S. 392 (1976).

The FTCA is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies and/or employees acting within the scope of their employment. *Smith v. United States*, 507 U.S. 197 (1993) *citing* 28 U.S.C. §1346(b). All limits and conditions within the FTCA are to be strictly construed in favor of the sovereign. *McNeil v. United States*, 508 U.S. 106 (1983); *United States v. Orleans*, 425 U.S. 807 (1976); *Thigpen v. United States*, 800 F.2d 393 (4th Cir. 1986).

The United States is the only proper party Defendant in an FTCA action. 28 U.S.C. § 2679(a); *Kennedy v. United States Postal Service*, 145 F.3d 1077 (9th Cir. 1998) (per curium).

Moreover, a key prerequisite to filing suit under the FTCA involves the presentation of an administrative claim to the government within two years of the incident, *see* 28 U.S.C. § 2401 (b), and that the federal agency either finally denies the claim or fails "to make final disposition of a claim withing six months after it is filed. . .", *see* 28 U.S.C. § 2675(a).[1]

---

Section 2675(a) states, in relevant part,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting withing the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim

//

//

Defendant's Motion to Dismiss
*King v. FBI*                -3-

Plaintiff's complaint should be dismissed. First, Plaintiff filed suit against the wrong defendant, and second, the Court lacks subject matter jurisdiction over her claims. Specifically even assuming the Plaintiff has or could stake a claim against the federal government, she has failed to exhaust her administrative remedies requirement as required by the FTCA.

## IV. **CONCLUSION**

This Court should dismiss Plaintiff's claim against the Federal Bureau of Investigation because the agency is not the proper Defendant. See 28 U.S.C. § 2679. In addition, Plaintiff has failed to file an administrative claim with the federal agency, as required by the FTCA. Accordingly, Plaintiff's claim against the United States should be dismissed without prejudice for lack of subject matter jurisdiction.

Dated: April 1\_, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

By: _____
Joann M. Swanson
Assistant United States Attorney

---

shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section...

Defendant's Motion to Dismiss
King v. FBI                                          -4-

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

1. **SPECIAL APPEARANCE DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS [FED. R. CIV. P. 12(b)];**

2. **DECLARATION OF JENNIFER A. WILSON SUPERVISORY SPECIAL AGENT FEDERAL BUREAU OF INVESTIGATION; and**

3. **[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

to be served this date upon the parties in this action by placing a true copy thereof in a sealed envelope, and served as follows:

√   **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

___ **CERTIFIED MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

___ **PERSONAL SERVICE (BY MESSENGER)**

___ **FEDERAL EXPRESS via Priority Overnight**

___ **EMAIL**

___ **FACSIMILE (FAX)**  Telephone No.:_____

to the party addressed as follows:

> Phyllis J. King - In Pro Per
> 527 Vista Mar Avenue
> Pacifica, California 94044

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 16th day of April 2007 at San Francisco, California.

DIANN LACKEY
Paralegal Specialist

Defendant's Motion to Dismiss
*King v. FBI*                    -5-